# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 17-4203

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

KEVIN LAVON SMITH,

           Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:14-cr-00028-JAG-4)

Submitted: September 29, 2017           Decided: October 10, 2017

Before TRAXLER, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Carolyn V. Grady, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Michael C. Moore, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Lavon Smith appeals his 36-month prison sentence imposed upon revocation of his supervised release. On appeal, Smith argues that his above-range revocation sentence was plainly unreasonable because the district court failed to adequately explain the sentence, and that his sentence was disproportionately long given the nature of his violations. For the reasons that follow, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence "unless it falls outside the statutory maximum or is otherwise plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). In considering whether a revocation sentence is plainly unreasonable, we first consider whether the sentence is procedurally and substantively unreasonable, applying the same general considerations employed in our review of original sentences. *United States v. Crudup*, 461 F.3d 433, 438-39 (4th Cir. 2006). Only if we find the sentence unreasonable will we consider whether it is "plainly" so. *Id.* at 439.

A revocation sentence is procedurally reasonable if the district court considers the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors and adequately explains the sentence imposed. *See* 18 U.S.C. § 3583(e) (2012); *United States v. Thompson*, 595 F.3d 544, 546-47 (4th Cir. 2010). The court "must provide a statement of reasons for the sentence imposed," although the explanation "need not be as detailed or specific when imposing a revocation

2

sentence as it must be when imposing a post-conviction sentence." *Id.* at 547 (internal quotation marks omitted). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed. *Crudup*, 461 F.3d at 440. The sentence must be "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). "A sentence within the policy statement range is presumed reasonable, though the sentencing court retains broad discretion to impose a term of imprisonment up to the statutory maximum." *Padgett*, 788 F.3d at 373 (alterations, citations, and internal quotation marks omitted).

The district court revoked Smith's supervised release following Smith's removal from two drug treatment programs for illegal drug use. Although the court calculated a policy statement range of 8 to 14 months, it imposed the statutory maximum of 36 months. The court explained that Smith had breached the court's trust, posed a danger to society because of his tendency to commit crimes while using drugs, and stood to benefit from further substance abuse treatment while incarcerated. When Smith asked why he received the statutory maximum, the court responded by emphasizing Smith's repeated failure to comply with the law and his inability to make use of the second chances granted by the court. Given the court's thorough sentencing explanation and express consideration of the relevant factors, we reject Smith's contention that the court failed to

justify the above-range sentence.[*]  We therefore conclude that Smith's sentence was not plainly unreasonable.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We also find meritless Smith's claim that the district court offered only a generic assessment of how a maximum sentence would serve to avoid the imposition of disparate sentences.  *See* 18 U.S.C. § 3553(a)(6).  On this point, the court stated that a defendant with Smith's record "would expect to get a pretty significant sentence."  Given the court's consideration of Smith's history of supervision violations, we conclude that the court properly conducted "an individualized assessment" of Smith before determining his sentence.  *Gall v. United States*, 552 U.S. 38, 50 (2007).